PROB 12C                                                                                               January 5, 2022
(06/17)                                                                                                pacts id: 4593923

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ramon Caldera (English)    **Dkt. No.:** 18CR00872-008-JLS

**Reg. No.:** 67979-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Heroin and Methamphetamine, a Class A felony

**Date of Sentence:** October 11, 2019

**Sentence:** Thirty (30) months of custody, followed by three (3) years of supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On July 30, 2021, the Court modified conditions of supervised release to include enroll in and successfully complete a residential drug treatment program as directed by the probation officer.

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** April 17, 2020

**Asst. U.S. Atty.:** P. Kevin Mokhtari        **Defense Counsel:** Thomas Paul Matthews
                                                                    (Appointed)
                                                                    619) 236-3400

**Prior Violation History:** Yes.  See prior court correspondence.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)

| | |
|---|---|
| Name of Offender: Ramon Caldera | January 5, 2022 |
| Docket No.: 18CR00872-008-JLS | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about December 21, 2021, Mr. Caldera used a controlled substance, Fentanyl, as evidenced by his admission to the probation officer on December 29, 2021. |

***Grounds for Revocation:*** As to Allegation 1, Mr. Caldera reported to the Mental Health Systems Inc., on December 21, 2021, and submitted a urine specimen which subsequently screened positive for Fentanyl. On December 29, 2021, Mr. Caldera admitted to the probation officer to using an unknown pill that he believed was Xanax on the above date. He said he did not have a reason for taking the drug outside of hanging out with negative friends. When told he tested positive for Fentanyl, he said he was not surprised but did not seek out that specific drug.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Caldera has struggled while on supervised release, but it is clear he has been trying. At the beginning of his term of supervised release, he had contact with a South Los gang member, but he denied knowingly associating and no association concerns have come up since that initial contact. For almost a year, he was managing well. He had successfully completed outpatient treatment while working fulltime and taking the bus to both places. Then around May 2021 he experienced a hardship with housing and that eventually led to drug relapse. He has submitted eight diluted drug samples and two positive drug tests. He later admitted to using heroin five times in June 2021 (during that window of submitting dilute drug tests). For this violation conduct, he enrolled and successfully completed residential treatment. While at residential care, he did abuse alcohol which is against the residential treatment facility's program rules and for that conduct he remained at the program longer. To his credit, the residential counselors reported emotional growth and skill development. He enrolled in Medication Assistance Treatment (MAT) and is taking Suboxone for his heroin addiction. While at the program he was able to address many of his physical health needs as well. He graduated from residential treatment on October 28, 2021. Unfortunately, his transitional plan was not good, and he immediately struggled with housing upon exiting residential treatment. This housing instability appears to have greatly impacted his sobriety. Despite these obstacles, he returned to outpatient treatment and continued to work. Mr. Caldera did not tell anyone at outpatient treatment of this recent drug use until the undersigned insisted. Following his admission to the probation officer, we had a containment meeting to set up a safety plan. He reportedly has Narcan. He and his counselors are working to get him into detox and residential care, thus far they have not been successful. They believe it may be a couple weeks before he can enter residential treatment or withdrawal management.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Caldera was raised in San Marcos. He graduated high school while at juvenile hall. He reported a stable upbringing and no significant issues during his formative years. The defendant has never married and has no children. He works at a warehouse. His medical condition, Hepatitis C, is monitored and being treated.

Mr. Caldera was involved in the distribution of significant quantities of heroin and methamphetamine over at least four months. His conduct included travelling to Mexico to meet with drug sources of supply and brokering drug transactions. In addition, Mr. Caldera has several juvenile adjudications and criminal convictions dating to the age of 14, and an extensive history of association with a criminal street gang, South Los.

Mr. Caldera has a long history of alcohol and drug abuse beginning at the age of 13. He has abused alcohol, marijuana, heroin, and now fentanyl. His drug of choice is heroin.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 60 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegation (drug use) constitutes a Grade C violation. USSG §7B1.1(a)(3)(b), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

From experience the undersigned can report that fentanyl kills without warning. One time is one too many and Mr. Caldera is presently at a risk to himself and the community. As such a warrant is deemed necessary to face the allegation herein.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Caldera's first violation hearing, but it is not his first violation conduct. He was using heroin in June 2021, and that was addressed via modification of his court order and a successful completion of residential treatment. His continued drug use despite completing residential treatment is a serious breach of the Court's trust and a deterrent sentence is necessary.

Should the allegations be sustained, it is recommended that Mr. Caldera's supervised release be revoked, and he be sentenced to three (3) months of custody. A below custodial guideline range is deemed sufficient to hold him accountable for the breach of trust, act as a deterrent for future noncompliance and will immediately ensure his stability. Following his custodial sentence, thirty-three (33) months of supervised release is suggested with all the prior mandatory, standard, and special conditions. The conditions are necessary for appropriate monitoring, restrictions, and interventions to include returning to residential care. Additionally, a condition adding residential re-entry (RRC) while he waits for residential treatment for a period of up to 90 days will help him transition into the community. Lastly, due to his history of possession of hypodermic needles and fentanyl drug abuse a 4th waiver search condition is necessary for increased monitoring and officer safety.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 5, 2022**

Respectfully submitted:                                    Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by  *Kim Landreth*                                         *Larry Huerta*
Kim Landreth                                               Larry Huerta
Sr. U.S. Probation Officer                                 Supervisory U.S. Probation Officer
(619) 557-5793

                                                                                         CLK

PROB12CW                                                                                          January 5, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Caldera, Ramon

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 18CR00872-008-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| **Violation(s)** | **Grade** |
|---|---|
| Drug use | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                      [     C     ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                              [    III    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                     [   5 to 11 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | n/a | Community Confinement | n/a |
| Fine($) | n/a | Home Detention | n/a |
| Other | n/a | Intermittent Confinement | n/a |

PROB12(C)
Name of Offender: Ramon Caldera                                              January 5, 2022
Docket No.: 18CR00872-008-JLS                                                         Page 7

**THE COURT ORDERS:**

__ X __ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____


*Janis L. Sammartino* (signature)                                            01/06/2022
The Honorable Janis L. Sammartino                                            Date
U.S. District Judge